No. 23-1353

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS; ROBERT C. BEVIS; and LAW WEAPONS, INC., d/b/a LAW WEAPONS & SUPPLY, an Illinois corporation, | ) Appeal from the United States ) District Court for the Northern ) District of Illinois, Eastern Division ) ) ) |
| Plaintiffs-Appellants, | ) No. 1:22-cv-04775 ) |
| v. | ) ) |
| CITY OF NAPERVILLE, ILLINOIS, and JASON ARRES, | ) ) The Honorable ) VIRGINIA M. KENDALL, |
| Defendants-Appellees. | ) Judge Presiding. |

**THE STATE OF ILLINOIS'S
MOTION TO INTERVENE AS OF RIGHT**

The State of Illinois, by its attorney Kwame Raoul, Attorney General of the State of Illinois, moves to intervene as of right in the above-captioned proceeding under 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 24(a)(1).

**BACKGROUND**

1.  In September 2022, Plaintiffs-Appellants the National Association for Gun Rights, Robert C. Bevis, and Law Weapons, Inc. ("plaintiffs"), filed a complaint in the district court under 42 U.S.C. § 1983 claiming that an ordinance of Defendant-Appellee the City of Naperville, Illinois, violates their rights under the Second

Amendment to the United States Constitution by restricting the sale of assault weapons. Doc. 1 at 2-3.[*]

2.  On January 17, 2023, plaintiffs filed a motion for leave to file an amended complaint, seeking to add a claim that the Protect Illinois Communities Act ("Act"), Public Act 102-1116 (eff. Jan. 10, 2023), also violates their Second Amendment rights. Doc. 41 at 4; Doc. 41-1 at 5-7. The Act regulates the possession, sale, and manufacture of assault weapons and "large capacity ammunition feeding device[s]" ("LCMs"). *See* 720 ILCS 5/24-1.9 (new) & 1.10 (new). Plaintiffs' proposed amended complaint added Naperville Chief of Police Jason Arres as a defendant, claiming that he was responsible for enforcing the Act against them. Doc. 41 at 4; Doc. 41-1 at 3.

3.  On January 23, 2023, the district court granted plaintiffs' motion to amend, Doc. 47, and, the next day, plaintiffs filed their amended complaint, Doc. 48.

4.  Also on January 24, 2023, plaintiffs filed a notice that their amended complaint challenged the Act's constitutionality under Federal Rule of Civil Procedure 5.1(a). Doc. 49 at 1; *see* Fed. R. Civ. P. 5.1(a) (requiring party filing a pleading "drawing into question the constitutionality of a . . . state statute" to serve notice "on the state attorney general"). According to the certificate of service attached to the notice, plaintiffs mailed a copy of the notice to the Illinois Attorney General that day. Doc. 49 at 2.

---

[*] This motion cites the district court's docket as "Doc. ___."

5. The same day, plaintiffs filed a motion for temporary restraining order ("TRO") and preliminary injunction seeking to enjoin the Act's enforcement. Doc. 50.

6. On January 30, 2023, the district court certified to the Illinois Attorney General that the Act's constitutionality had been questioned under 28 U.S.C. § 2403(b) and Rule 5.1(b). Doc. 56; *see also* 28 U.S.C. § 2403(b) ("In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality."); Fed. R. Civ. P. 5.1(b) (requiring district court to certify constitutional question "to the appropriate attorney general").

7. Also on January 30, 2023, defendants filed a response to plaintiffs' motion for a TRO and preliminary injunction. Doc. 57.

8. On February 17, 2023, the district court denied plaintiffs' motion for a TRO and preliminary injunction. Doc. 63. The district court noted that, although the time for the State to intervene under Rule 5.1 had not yet passed, the court could deny plaintiffs' motion "[i]n the interim." *Id.* at 10; *see also* Fed. R. Civ. P. 5.1(c) ("[T]he attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to

intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.").

9. On February 21, 2023, plaintiffs filed a notice of appeal from the denial of their motion for a TRO and preliminary injunction under 28 U.S.C. § 1292(a)(1), Doc. 64, which was docketed in this court on February 23, 2023, under case number 23-1353.

## DISCUSSION

10. Federal Rule of Civil Procedure 24 provides that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." And under 28 U.S.C. § 2403(b), a State has a right to intervene "[i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question."

11. Here, the State of Illinois has an unconditional right to intervene in this appeal under 28 U.S.C. § 2403(b). Neither the State of Illinois nor any of its agencies, officers, or employees were parties to this action, which challenged the constitutionality of the Act. Doc. 48 at 5-7. And the Act affects vital public interests, as it places restrictions on the possession, sale, and manufacture of assault weapons and LCMs, the firearms and magazines most often used in mass shootings. *See* Doc. 57-4 at 13-15; Doc. 57-12.

12. Finally, this motion is timely. When a state statute's constitutionality is questioned, the State "may intervene within 60 days" after a plaintiff files its Rule 5.1 notice or the district court certifies the challenge, whichever is earlier. Fed. R. Civ. P. 5.1(c). Plaintiffs filed their Rule 5.1 notice in the district court on January 24, 2023, and this motion is being filed within 60 days of that date.

## CONCLUSION

For those reasons, this court should grant the State of Illinois's motion to intervene as of right.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By:  /s/ Carson R. Griffis
CARSON R. GRIFFIS
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2575 (office)
(773)-590-7116 (cell)
Carson.Griffis@ilag.gov

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 23, 2023, I electronically filed the foregoing Motion for Leave to Intervene As Of Right with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I certify that the other participants in this appeal are CM/ECF users, and thus will be served using the CM/ECF system.

| | |
|---|---|
| Michaela Snashall | Jason R. Craddock, Sr. |
| msnashall@perkinscoie.com | craddocklaw@icloud.com |

/s/ Carson R. Griffis
CARSON R. GRIFFIS
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2575 (office)
(773)-590-7116 (cell)
Carson.Griffis@ilag.gov