No. 23-1353

# In the
# United States Court of Appeals
# for the Seventh Circuit

◆

NATIONAL ASSOCIATION FOR GUN RIGHTS, et al.,

*Plaintiffs-Appellants*,

v.

CITY OF NAPERVILLE, ILLINOIS, et al.,

*Defendants-Appellees*,

and

THE STATE OF ILLINOIS,

*Intervening-Appellee.*

◆

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division
Case No. 1:22-cv-04775

◆

**MOTION FOR LEAVE TO FILE INSTANTER *AMICI CURIAE*
BRIEF IN SUPPORT OF PLAINTIFFS-APPELLANTS
AND TO FILE OUT OF TIME**

◆

JOSEPH G.S. GREENLEE
FPC ACTION FOUNDATION
5550 Painted Mirage Rd., Ste. 320
Las Vegas, NV 89149
(916) 517-1665
jgreenlee@fpclaw.org
*Counsel for Amici Curiae*

Pursuant to Fed. R. App. P. 29(a), the Firearms Policy Coalition and FPC Action Foundation respectfully request leave to file the attached *amici curiae* brief in support of Plaintiffs-Appellants and reversal. Because it is more than seven days after the filing of the Plaintiffs-Appellants' principal brief, *Amici* also seek leave to file this brief out of time, pursuant to Rule 29(a)(6).

On February 23, 2023, the Court ordered Plaintiffs-Appellants to file their principal brief on or before April 4, 2023. Plaintiffs-Appellants filed their principal brief on April 3, 2023. On April 4, 2023, the following entry was entered on the CM/ECF docket:

> Re-Submitted appellant brief by Barry Arrington for Appellants Robert Bevis, Law Weapons, Inc. and National Association for Gun Rights. [26] NOTE: Access to this entry is limited to counsel of record. Once the document is approved by the court, it will be filed onto the court's docket as a separate entry which will be open to the public. [7301924] [23-1353] (Arrington, Barry) [Entered: 04/04/2023 03:06 PM]

Dkt. 26.

*Amici*'s counsel (the undersigned) regrettably misinterpreted this April 4, 2023, entry as the date of the filing of Plaintiffs-Appellants' principal brief. Accordingly, *Amici* filed their *amici curiae* brief on April 11, 2023, in an attempt to comply with Rule 29(a)(6), which allows an

1

*amicus curiae* brief to be filed within seven days after the filing of the principal brief it supports. But this was a day late.

Rule 29(a)(6) also provides, however, that the "[C]ourt may grant leave for later filing[.]" Pursuant to this rule, *Amici* now respectfully seek leave to file their *amici curiae* brief out of time.[1]

Fed. R. App. P. 29(a)(3) requires that a motion for leave state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." The *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* explains that "the court looks at whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not found in the briefs of the parties." *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* 162 (2020 ed.) (citing *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544–45 (7th Cir. 2003) (Posner, J., in

---

[1] *Amici* must note that while the brief indicates that all parties consented to the filing of their brief, counsel for Intervening-Appellee, the State of Illinois, provided consent "so long as the motion and brief are timely filed and comply with the rules." By misinterpreting the docket and filing one day later than Rule 29(a)(6) expressly allows, it is no longer accurate to represent that all parties consent to the filing of the brief.

2

chambers)). And in a recent opinion, Judge Scudder provided examples of ways in which "a friend of the court . . . can contribute in clear and distinct ways." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020). These include "[o]ffering a different analytical approach to the legal issues before the court," "[h]ighlighting factual, historical, or legal nuance glossed over by the parties," and "[c]onveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges." *Id*. As explained herein, each section of *Amici*'s proposed brief offers unique and relevant legal analyses, historical research, or instruction on specialized subjects that no party has presented.

*(A) The movants' interests.*

Firearms Policy Coalition (FPC) is a 501(c)(4) nonprofit membership organization with members and supporters throughout the country, including throughout this Court's jurisdiction. FPC's mission is to protect the Constitution of the United States, with a special emphasis on the Second Amendment. FPC serves its members and the public through direct legislative advocacy, grassroots advocacy, legal efforts, research, education, operation of a hotline, and other programs.

FPC Action Foundation (FPCAF) is a 501(c)(3) nonprofit organization that serves its members and the public through charitable programs including research, education, and legal efforts, with a focus on the Second Amendment and other constitutional rights. FPCAF is a leading research center on firearms law and policy. The scholarship and *amicus* briefs of FPCAF's Director of Constitutional Studies, Joseph Greenlee, have been cited in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2133 (2022); *Chiafalo v. Washington*, 140 S. Ct. 2316, 2325 (2020); and *N.Y. State Rifle & Pistol Ass'n v. City of N.Y.*, 140 S. Ct. 1525, 1541 (2020) (Alito, J., dissenting). They have also been cited in 36 additional cases, including by four federal Circuit Courts, eleven federal district courts, and the highest courts of Ohio, Michigan, Wisconsin, and Puerto Rico.

FPC is currently a party in cases challenging arms prohibitions in the Fourth Circuit Court of Appeals (*Bianchi, et al. v. Frosh, et al.*, case no. 21-1255), Third Circuit Court of Appeals (*Gray, et al. v. Jennings*, case no. 23-1633), U.S. District Court for the Southern District of California (*Miller, et al. v. Bonta, et al.*, case no. 3:19-cv-01537-BEN-JLB), U.S. District Court for the Southern District of Illinois (*Harrel, et al. v. Raoul,*

*et al.*, case no. 3:23-cv-141-SPM), and U.S. District Court for the Northern District of Illinois (*Viramontes, et al. v. The County of Cook, et al.*, case no. 1:21-cv-04595). The outcome of this case will impact many if not all of FPC's related cases.

Moreover, as organizations dedicated to preserving the Second Amendment, *Amici* have an interest in this case because it goes to the heart of the fundamental right of law-abiding citizens to keep common arms for self-defense. Additionally, the constitutional rights of *Amici*'s members who reside within this Court's jurisdiction will be directly affected by the holding in this case.

*(B) Why the amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.*

*Amici* respectfully submit that they offer unique perspectives and knowledge that will assist the Court beyond the insight the parties have provided. Each section of the proposed brief offers distinct arguments, research, or analyses that will not otherwise be presented to the Court.

The first section of the brief offers an analysis of Supreme Court precedent that has not been considered by the parties. It explains that in considering a handgun prohibition in *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court applied the test for Second

5

Amendment challenges that it recently articulated in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), thus establishing binding precedent and simplifying the issue presented in this case. *Amici*'s analysis of *Heller*'s application of the *Bruen* test is unique.

The second section explains why any analysis of traditional firearm regulations should consider only regulations that applied to repeating arms—and not regulations that applied to dissimilar weapons, which the district court considered. This legal argument has not been presented in this case.

The final section presents a complete historical analysis of the invention, development, and regulation of repeating arms in America throughout the 17th, 18th, and 19th centuries. This specialized knowledge has not yet been presented in this case.

This Court has allowed organizations dedicated to researching the Second Amendment to file *amicus* briefs in several important Second Amendment cases. *See, e.g.*, Instanter Order, *Moore v. Madigan*, No. 12-1269, Dkt. 57, Jan. 10, 2013 (Posner, J.) (granting two motions to file *amicus* briefs); Instanter Order, *Shepard v. Madigan*, No. 12-1788, Dkt. 23, May 10, 2012 (Kanne, J.) (granting motion to file *amicus* brief);

Instanter Order, *Kanter v. Barr*, No. 18-1478, Dkt. 18, Apr. 19, 2018 (Flaum, J.) (granting motion to file *amicus* brief), Dkt. 28, May 10, 2018 (Rovner, J.) (granting motion to file *amicus* brief); Instanter Order, *Miller v. Smith*, No. 22-1482, Dkt. 14, May 20, 2022 (Kanne, J.) (granting motion to file *amicus* brief); *see also* Instanter Order, *Ezell v. City of Chicago*, No. 10-3525, Dkt. 23, Mar. 2, 2011 (Rovner, J.) (granting leave to file unopposed but arguably oversized *amicus* brief).

Given this Court's established practice of allowing *amicus* participation in important Second Amendment cases, FPC and FPCAF's expert knowledge of Second Amendment issues and experience in Second Amendment litigation, and the unique arguments presented in the proposed brief, FPC and FPCAF respectfully request that the Court grant leave to file their out-of-time *amici curiae* brief in support of Plaintiffs-Appellants and reversal.

Dated: April 12, 2023          Respectfully submitted,

/s/ *Joseph G.S. Greenlee*
JOSEPH G.S. GREENLEE
FPC ACTION FOUNDATION
5550 Painted Mirage Rd., Ste. 320
Las Vegas, NV 89149
(916) 517-1665
jgreenlee@fpclaw.org
*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,401 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in 14-point, proportionally spaced Century Schoolbook font.

Dated this 12th day of April 2023.

/s/ *Joseph G.S. Greenlee*
*Counsel of Record*

## CERTIFICATE OF SERVICE

I certify that on April 12, 2023, I served the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

/s/ *Joseph G.S. Greenlee*
*Counsel of Record*